UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAHMOUD ASCARIE<br><br>     Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>     Defendant. | Case No.: 5:13-CV-01323-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket Item Nos. 15, 17]** |

**I.    Introduction**

Plaintiff Mahmoud Ascarie ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to obtain review of the Social Security Administration's final decision denying his disability benefits. See Docket Item No. 15.  Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Defendant"), opposes Plaintiff's Motion for Summary Judgment ("MSJ") and seeks summary judgment affirming the decision of the ALJ.  See Docket Item No. 17.

Having considered the relevant pleadings and the administrative record, the Court has determined that the administrative law judge's ("ALJ") decision should be affirmed.  Plaintiff's Motion for Summary Judgment will therefore be denied and Defendant's cross-motion will be granted.

1

Case No.: 5:13-CV-01323-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## II.  Background

### A.  Procedural History

On September 4, 2009, Plaintiff filed an application for social security benefits, alleging disability beginning December 12, 2007.  See Administrative Record ("AR") at 112-13.  On March 23, 2010, Plaintiff's claim was denied.  Id. at 85-88.  On April 16, 2010, Plaintiff filed for reconsideration.  Id. at 90.  Plaintiff's disability claim was denied again on July 1, 2010.  Id. at 91-95.  On July 15, 2010, Plaintiff filed a written request for a hearing.  Id. at 101.  On June 2, 2011, the hearing was held, and Plaintiff and a vocational expert both testified.  See id. at 68-82.  On June 28, 2011, ALJ Frederick C. Michaud issued a written decision that Plaintiff was not disabled, and had the residual functioning capacity ("RFC") to perform light work prior to October 1, 2009, under sections 216(i) and 223(d) of the Social Security Act.  Id. at 30-40.

Plaintiff sought review of the ALJ's determination, and review was denied by the Appeals Council on June 15, 2012.  Id. at 11-16.  Therefore, the ALJ's decision became the final decision of the Social Security Administration as to Plaintiff's case.  Id. at 11.

On August 10, 2012, Plaintiff filed a request for an extension to file a civil action to review the ALJ's decision, which was granted on February 25, 2013.  Id. at 1-5.  Plaintiff, pro se, filed a Complaint against the Defendant on March 25, 2013.  See Docket Item No. 1.  Plaintiff filed the MSJ on October 15, 2013.  See Dkt. No. 15.  Defendant filed its cross-motion on November 12, 2013.  See Dkt. No. 17.  Plaintiff filed an Opposition to Defendant's cross-motion on June 6, 2014.  See Docket Item No. 21.

### B.  Plaintiff's Personal, Vocational, and Medical History

Plaintiff was born on October 10, 1943.  AR at 30.  He holds a Ph.D. in Chemistry, and previously worked as a chemistry professor.  Id.  In 2000, the Social Security Administration found Plaintiff to be disabled.  Id. at 34.  However, in 2002 he resumed teaching and his disability benefits were terminated in June 2005.  Id.  In 2009 through 2010, Plaintiff collected unemployment insurance.  See id. at 70; see also id. at 131-34.  To qualify for unemployment benefits, Plaintiff stated that he could work.  Id. at 71.

2

Case No.: 5:13-CV-01323-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has received social security retirement benefits since September 2009. Id. at 30. Receiving social security retirement benefits precludes receipt of disability benefits during the same time period. Id.

### i. Plaintiff's testimony as to his condition

Plaintiff claims he is disabled and unable to work due to foot pain, neuropathy, inability to stand on his feet, inability to concentrate to monitor students, and lack of patience towards students. Id.

On December 3, 2009, Plaintiff submitted a Function Report to the Social Security Administration. See id. at 184-91. Plaintiff stated he lives in a house with his family. Id. at 184. He cares for his wife, dog and one chicken. Id. at 185. He stated that he is able to do household chores such as cleaning and vacuuming, paying bills and grocery shopping. Id. 186-87. He stated he could lift no more than ten pounds, and walk 0.125 miles or climb ten stairs before getting tired. Id. at 189. Plaintiff also stated he could not stand for more than five minutes. Id. at 191.

At the ALJ hearing, Plaintiff testified that he has back problems, and pain in both his feet. Id. at 75. He also testified that he had been taking hydrocodone for the pain, primarily at bed time. Id. at 75-76.

### ii. Dr. Massey's reports

Plaintiff testified that he has visited Dr. John H. Massey monthly since 2007. See id. at 34; see also id. at 238-75. On November 19, 2007, Dr. Massey recommended that Plaintiff undergo an EMG exam based on Plaintiff's complaints of bilateral foot pain. Id. at 273-75. The EMG was performed by Dr. Tripeta Sachdev on January 3, 2008, and a report was sent back to Dr. Massey. Id. at 265-70. The report stated that the EMG was indicative of mild to moderate mixed sensory and motor neuropathy in both lower extremities, bilateral posterior tibial peroneal nerve latency, chronic mild to moderate denervation, and lumbosacral radiculopathy in the L5-S1 nerve root. Id. at 265.

On July 18, 2008, Plaintiff told Dr. Massey that he was experiencing increased pain in his toes of both feet. Id. at 257. Plaintiff stated his overall functions had remained the same. Id. Dr.

3

1  Massey then diagnosed Plaintiff with lumbosacral disk degeneration and idiosyncratic progressive
2  polyneuropathy. Id. at 258.
3  　　　　On February 24, 2009, Plaintiff stated to Dr. Massey that he was experiencing worsening
4  pain in his lower extremities over the past few months. Id. at 249. A physical exam by Dr. Massey
5  on Plaintiff revealed normal reflexes in his knees and ankles, no evidence of extensor hallucis
6  longus weakness, sensation intact to light touch, and a negative seated straight leg raising test. Id.
7  Dr. Massey opined that the findings were consistent with Plaintiff's previous diagnosis of L5
8  radiculopathy. Id.
9  　　　　On August 20, 2010, Dr. Massey completed a "Physical Residual Functional Capacity
10 Questionnaire." See id. at 321-24. Dr. Massey stated that in his opinion, Plaintiff's physical
11 condition made him incapable of even "low stress" jobs. Id. at 322. He stated that Plaintiff could
12 sit for twenty minutes, and stand for fifteen minutes at a time. Id. Dr. Massey further stated that
13 Plaintiff could only sit, stand or walk for less than two hours each day. Id. at 323. He further
14 stated that Plaintiff could lift and carry ten pounds occasionally. Id. Dr. Massey reported that the
15 symptoms and limitations had applied since November 19, 2007. Id. at 324.

### iii.　　Dr. Spivey's report

On January 22, 2010, Dr. Patricia Spivey, PsyD, performed a consultative psychological evaluation on Plaintiff. See id. at 225-28. The consultation was scheduled due to Plaintiff's report that he suffered from depression and anxiety. Id. at 225. Dr. Spivey performed a number of psychometric tests on Plaintiff. See id. at 226. Plaintiff's Full Scale IQ test result was 80. Id. Dr. Spivey stated that this IQ was significantly lower than would be expected for an individual of his education and career. Id. at 227. Dr. Spivey further stated that on several tests Plaintiff appeared to be giving a poor effort, and that she suspected malingering. Id. Dr. Spivey stated that Plaintiff's prognosis was very good and he had no disturbance in his normal functioning. Id. at 228.

### iv.　　Dr. Chung's report

On February 5, 2010, Plaintiff underwent a consultative internal medicine evaluation with Dr. Jaehoon Chung. See id. at 278-81. After speaking with Plaintiff and performing a physical

examination, Dr. Chung stated that in his opinion Plaintiff had no limitations in sitting, lifting or carrying. Id. at 81. Dr. Chung further stated that Plaintiff could stand or walk up to two hours a day. Id.

### v. Dr. Soule's X-Ray report

On March 5, 2010, Plaintiff underwent an X-ray of his lumbar spine by Dr. William Soule. See id. at 284. The X-ray revealed osteophytes at levels L1-L2 and L3-L4, and no disk space narrowing. Id. Dr. Soule noted that other than the osteophytes, the X-ray was "unremarkable." Id.

### vi. Dr. Kammen's report

On March 19, 2010, Dr. P. Kammen reviewed the Plaintiff's file and completed a Physical Residual Functional Capacity Assessment. See id. at 296-300. Dr. Kammen stated he believed Plaintiff could occasionally lift fifty pounds and frequently lift twenty-five pounds. Id. at 297. The report also stated that Dr. Kammen believed Plaintiff could stand, walk or sit for about six hours a day. Id. These statements were consistent with assigning Plaintiff an RFC of "medium." See Id. at 37.

## III. Legal Standard

### A. Standard of Review

Section 405(g) of title 42 of the United States Code grants a United States District Court the authority to review an ALJ decision to deny disability benefits. However, the Court's jurisdiction is limited. The Court may only set aside a denial of benefits if the ALJ's decision is not supported by substantial evidence or the decision was based on legal error. 42 U.S.C. § 405(g); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).

"Substantial evidence is more than a mere scintilla, but is less than a preponderance." Matney, 981 F.2d at 1019 (internal quotations omitted). The relevant evidence must be such "as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). To determine whether the ALJ's decision is supported by substantial evidence, the Court "must review the administrative record as a whole," weighing the evidence which both supports and detracts from the ALJ's conclusion. Reddick v. Chater, 157 F.3d 715,

5

Case No.: 5:13-CV-01323-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

720 (9th Cir. 1998). When the evidence could support more than one rational interpretation, the Court must defer to the ALJ's decision. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

### B. Standard for Determining Disability

To qualify for disability insurance benefits under the Social Security Act, a Plaintiff must establish the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Further, one can only be determined to be under a disability if "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 423(d)(2)(A).

Disability is evaluated using a five-step sequential process. 20 C.F.R. § 404.1520(a)(4). The initial burden rests with the claimant to prove a prima facie case of disability as to the first four steps. See Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002). At the fifth step, "the burden shifts to the Commissioner to establish that the claimant can perform a significant number of other jobs in the national economy." Id. "If it can be determined that a claimant is disabled or not disabled at any point in the review, that finding is made, and the review is ended." Matney, 981 F.2d at 1019. The five-step sequential evaluation process is as follows:

1) Whether the claimant is "doing substantial gainful activity." If so, the claimant is deemed not disabled. 20 C.F.R § 404.1520(a)(1)(4)(i), 404.1520(b).

2) Whether the claimant has a severe impairment or combination of impairments. If not, the claimant is deemed not disabled. Id. § 404.1520(a)(1)(4)(ii), 404.1520(c).

3) Whether the impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments. If so, the claimant is deemed disabled. Id. § 404.1520(a)(1)(4)(iii), 404.1520(d).

1      4) Whether the claimant's RFC, despite his impairments, allows him to still perform his
2  past relevant work. If so, the claimant is deemed not disabled. Id. § 404.1520(a)(1)(4)(iv),
3  404.1520(e-f).
4      5) At the fifth step, the burden shifts to the Commissioner to show that, based on an
5  assessment of the claimant's RFC, age, education and work experience, the claimant can make an
6  adjustment to work. If not, the claimant is deemed disabled. Id. § 404.1520(a)(1)(4)(v),
7  404.1520(g).

**IV.    Discussion**

The ALJ made the following findings based on the five-step process: At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. AR at 32. At step two, the ALJ determined that Plaintiff had severe impairments of peripheral neuropathy and lumbar degenerative disc disease. Id. At step three, the ALJ determined that Plaintiffs impairments did not meet or medically equal the requirements on the Listing of Impairments. Id. at 33.

The ALJ then evaluated Plaintiff's RFC. See 20 C.F.R. 404.1520(e). The ALJ found that prior to October 1, 2009, Plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R § 303.1567(b). AR at 33. The ALJ further found that Plaintiff's previous relevant work as a Chemistry professor required light exertional level. Id. at 39. Thus, the ALJ found that prior to October 1, 2009 Plaintiff was not disabled within the meaning of the Social Security Act, and thus not qualified to receive disability insurance benefits. Id.

The ALJ further found that beginning on October 1, 2009, Plaintiff had the RFC to perform the full range of sedentary work as defined in 20 C.F.R. § 303.1567(a). Id. at 38. As the Plaintiff's past relevant work required light exertional level, the ALJ found that Plaintiff was not able to perform his past relevant work as of October 1, 2009. Id. at 39. The ALJ then determined that Plaintiff was qualified as "disabled" as of October 1, 2009. Id. at 40.

7

Case No.: 5:13-CV-01323-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. The ALJ properly assessed Plaintiff's credibility

Plaintiff argues that the ALJ's determination was based solely off of a determination of Plaintiff's credibility, rather than objective analysis of his physical condition. See Dkt. No. 15 at 3. In making its determination, the ALJ "granted little probative weight to [Plaintiff's] testimony." AR at 38. The ALJ stated that Plaintiff's complaints seemed "exaggerated and/or motivated largely by secondary gain factors," and that there were "numerous contradictions and inconsistencies" in Plaintiff's statements. Id.

The ALJ noted that in 2009 and 2010, Plaintiff had represented to the California Employment Development Department that he was able to work in order to receive unemployment benefits. Id.; see also Id. at 131-34 (detailing a record of unemployment payments made to Plaintiff). The ALJ noted that such a representation was inconsistent with the disability claim requirement that Plaintiff be unable to work. Id. at 71; see also 42 U.S.C § 423(d)(2)(A) (stating that disability status requires both that the individual is unable to perform his previous work, and unable to "engage in any substantial gainful work which exists in the national economy").

The ALJ also gave significant weight to Dr. Spivey's report, which stated that Plaintiff "appeared to be giving a poor effort" on several tests she administered and "malingering was suspected." AR at 227. Thus, the ALJ gave little weight to Plaintiff's testimony regarding his symptomology based on its determination that he lacked credibility. Id. at 38; see also Thomas, 278 F.3d at 959 (finding that the plaintiff's "efforts to impede accurate testing of her limitations" supported the ALJ's determination that her own statements regarding her limitations were not credible).

The Court finds that the evidence regarding Plaintiff's inconsistent representations, coupled with Dr. Spivey's report, were relevant and sufficient to support the ALJ's determination to give little weight to Plaintiff's testimony based on his lack of credibility. See Thomas, 278 F.3d at 959 ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the reviewing court] may not engage in second-guessing.").

### B. The ALJ sufficiently considered the EMG results from Dr. Sachdev

Plaintiff argues that the ALJ did not give sufficient weight to the 2008 EMG report submitted to the court by Dr. Tripeta Sachdev. See Dkt. No. 15 at 2. Plaintiff specifically points to the ALJ's statement, "I hate to read the whole thing," during the hearing. AR at 77. Plaintiff understood the statement to mean that the ALJ declined to read the full report. Dkt. No. 15 at 2. As a threshold matter, the Court finds that the ALJ's statement "I hate to read the whole thing," refers to his disinclination to reiterate the full report verbally during the hearing. The Court does not find that such a statement necessarily means that the ALJ had not previously or subsequently read the full report prior to making its final determination.

Further, the EMG study reported mild to moderate results. AR at 285. This diagnosis was considered by the ALJ and served as a basis for his ultimate determination. See id. at 37. The Court finds that the ALJ's determination that Plaintiff was capable of light exertional level work was reasonable in light of the mild to moderate EMG results.

### C. The ALJ properly considered Plaintiff's disability grant in 2000

Plaintiff argues that the ALJ did not consider that he had previously been deemed disabled in 2000 by the Social Security Administration. See Dkt. No. 15 at 2-3. Plaintiff specifically notes that by 2010 his condition was worse than in 2000. Id. at 3. Thus, Plaintiff argues that it is inconsistent that he was deemed disabled in 2000, but deemed not disabled in 2010. Id.

The ALJ's decision notes that despite being deemed "disabled" by the Social Security Administration in 2000, Plaintiff returned to work in 2002, and his disability benefits were terminated in 2005. AR at 34. Inability to work is a requirement for disability qualification. 42 U.S.C § 423(d)(2)(A). As Plaintiff was able to work between the 2000 determination and his filing in 2009, he could not be considered to have been continuously disabled throughout that period. Thus, the Court finds the fact that Plaintiff had been granted disability status in 2000 was not necessarily determinative as to his status in 2007 through 2009. Therefore, it was not unreasonable for the ALJ to have determined that Plaintiff was not disabled prior to October 1, 2009 even though he had been deemed disabled in 2000.

**D. The ALJ properly considered the testimony of Vocational Expert Ronald Morrell**

Plaintiff argues that the ALJ did not properly consider the testimony of Vocational Expert Ronald Morrell (the "VE") in reaching its decision. See Dkt. No. 15 at 2. Plaintiff seems to argue that the ALJ ignored testimony by the VE that his job required standing and walking. See id. (citing to AR at 80). However, at the ALJ hearing, the VE testified that Plaintiff's past relevant work history was consistent with the light level. AR at 39. The VE further testified that both professors and practicing chemists are classified at the "light work" level. Id.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds . . . . [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(b).

The Court finds that the VE's testimony that Plaintiff's job required standing and walking is not inconsistent with the VE's classification and the ALJ's ultimate decision that his job should be classified at the light level. Thus, the court does not find that the ALJ failed to properly consider the VE's testimony.

**E. The ALJ's decision was supported by substantial evidence**

Plaintiff argues that the ALJ's decision was not based on a fair analysis of the relevant evidence. Dkt. No. 15 at 1-3. The Court may reverse the ALJ's determination only if its decision was not supported by substantial evidence. See 42 U.S.C. § 405(g).

The ALJ admittedly weighed some evidence more heavily than other evidence. AR at 37. The ALJ gave significant weight to Dr. Spivey's psychological examination in determining that Plaintiff lacked credibility. Id. The ALJ also gave stronger weight to objective physical examinations of the patient, including the mild to moderate EMG results and insignificant lumbar X-ray results. Id. Due to the determination that Plaintiff lacked credibility, the ALJ then gave little weight to other medical reports which were based primarily on Plaintiff's self-reports and which contradicted the objective evidence of the physical examinations. Id. (giving little weight to Dr.

10
Case No.: 5:13-CV-01323-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Massey and Dr. Chung's reports as they were based primarily off of Plaintiff's complaints rather than objective physical findings); see also Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted." (internal quotations omitted)).  Similarly, the ALJ notably gave little weight to Dr. Kammen's March 19, 2010 physical RFC assessment which assigned Plaintiff medium RFC, a higher physical capacity than the ALJ's ultimate determination. See id. at 296-300.

Based off of the full record, the Court finds that the ALJ's decision to assign Plaintiff Light RFC prior to October 1, 2009 was reasonable and supported by substantial evidence.  Further, the decision that Plaintiff's previous relevant work required light exertional level was supported by substantial evidence.  Thus, the Court finds that the ALJ's determination that Plaintiff was not disabled prior to October 1, 2009 was reasonable and supported by substantial evidence.

**V.     Conclusion**

Based on the foregoing, Plaintiff's Motion for Summary Judgment (Dkt. No. 15) is DENIED and Defendant's Motion for Summary Judgment (Dkt. No. 17) is GRANTED.

**IT IS SO ORDERED**

Dated: August 13, 2014

_____
EDWARD J. DAVILA
United States District Judge

11
Case No.: 5:13-CV-01323-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT